SAMUEL M. STEWART et ux. *vs.* JOSHUA BURKHALTER, Jr., administrator, &c.

Where A., B., & C. were owners, as copartners of certain property which was sold by the survivors, B. & C., after the death of A., upon whose estate B. administered : *Held,* that upon the settlement of the copartnership accounts, the survivors can be compelled to account for the surplus or portion due the estate of A., and if that portion due the estate should fall into the hands of the administrator, the probate court can compel him to account for it.

But this cannot be done until it is shown that the copartnership accounts have been settled, and that there is a surplus of the copartnership funds, arising from the sale of the property.

In error from the probate court of Covington county ; Hon. Frederick Pope, judge of the probate court of Covington county.

Plaintiffs in error filed their petition stating they were heirs and distributees of Jesse Burkhalter, deceased. That defendant was administrator of said Jesse's estate. That in the lifetime of said Jesse, the said Joshua, Jesse, and one John Burkhalter were copartners, and as such owned fourteen negroes, having purchased the same for the sum of $ 4,952. That since the death of said Jesse, the said Joshua and John have sold said slaves to one Jones Burkhalter, without any order of the probate court; which sale was illegal and void, as to the interest of said Jesse. Prays said Joshua's administrators may be compelled to show cause why he has not exhibited said interest in said probate court, &c.

To this petition the defendants in error demurred, and for cause show :

1. Said petition does not present a case which does or can give this court jurisdiction.

2. Said petition alleges no particular property or amount of property which this court could order to be inventoried.

3. Said petition does not allege that said copartnership has been settled, or that upon a settlement of said copartnership

there would be any balance whatever going to the estate of Jesse Burkhalter.

4. Only a chancery court has jurisdiction in and over copartnership matters.

5. Because said petition shows no ground of relief upon its face.

Which demurrer upon argument was sustained, and the petition dismissed, and a writ of error sued out to this court.

*Foute*, for appellants.

*Freeman* and *Dixon* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

The appellants as distributees of the estate of Jesse Burkhalter, deceased, filed their petition in the probate court of Covington county, for the purpose of compelling the appellee as administrator of the said Jesse Burkhalter, to inventory certain property, of which it is alleged the intestate died seized.

The petition alleges that Jesse, Joshua, and John Burkhalter owned, as copartners, fourteen slaves; which have been sold by the survivors, and that Joshua Burkhalter, as administrator of Jesse Burkhalter, has not returned an account of the interest of the intestate.

The court below sustained a demurrer to the petition, from which this appeal has been prosecuted.

The title to the property on the death of Jesse Burkhalter, vested in the survivors, who were authorized to sell or dispose of the property for copartnership purposes. Upon settlement of the copartnership account, the survivors would be compelled to account for the surplus or portion due to the estate of the intestate. If this surplus should fall into the hands of the present administrator, the probate court could compel him to account for it, under that provision of the law, which requires an executor or administrator to give in a claim against himself.

As it does not appear by the petition that the copartnership accounts have been settled, that there is a surplus of the copartnership funds, arising from the sale of the slaves, or that such

surplus is in the hands of the administrator, we think the petition is therefore defective, and that the demurrer was, therefore, properly sustained.

The decree will be so modified as to dismiss the petition without prejudice, and to permit the petitioners, if they choose, to file another petition in the probate court.

Decree affirmed.